# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CAROL PEMBER, | \* |
| | \*     No. 15-1005V |
|       Petitioner, | \*     Special Master Christian J. Moran |
| | \* |
| v. | \* |
| | \*     Filed: June 28, 2018 |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \*     Attorneys' fees & costs. |
| | \* |
|       Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne, WY, for petitioner;
<u>Glenn Alexander MacLeod</u>, United States Dep't of Justice, Washington, DC, for respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Carol Pember brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded $14,340.21.

\*     \*     \*

Represented by Richard Gage, Ms. Pember filed her petition for compensation on September 11, 2015. Ms. Pember claimed that a flu vaccine she received on October 4, 2012, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer brachial neuritis. The parties were able to

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

informally resolve the case, entering a joint stipulation that was then adopted. <u>Decision</u>, issued Aug. 27, 2017, 2017 WL 4582738.

On February 20, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting $11,083.90 in fees and $6,596.39 in costs.

On February 26, 2018, respondent filed his response to petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." <u>Id.</u> at 2-3.

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. Pember received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether Ms. Pember's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

A.       <u>Reasonable Hourly Rate</u>

Petitioner requests the following rates for the attorneys and paralegals retained in this case:

| | **2015** | **2016** | **2017** |
|---|---|---|---|
| Richard Gage, attorney | $300 | $311 | $318 |
| James Mitchell, attorney | $251 | $251 | -- |
| Kristen Reiman, attorney | -- | -- | $251 |
| Dustin Lujan, attorney | $140 | -- | -- |

2

| Susan McNair, paralegal | $120 | $120 | $120 |
| Brian Vance, paralegal | $120 | $120 | $120 |

Petitioner provides no support for these rates.  She does not cite to other cases in which her attorneys were awarded those hourly rates.  She also does not submit affidavits from the attorneys or the attorneys' peers attesting to the basis for the rate.

The complete lack of a basis for the requested rates is puzzling since Mr. Gage's fees have been analyzed, in some depth, in a previous decision issued by this special master.  Anthony v. Sec'y of Health & Human Servs., No. 14-680V, 2017 WL 521746 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  To be sure, the rationale and conclusions expressed in Anthony do not bind Ms. Pember here.  But, the rationale and conclusions expressed in Anthony are persuasive authority and Ms. Pember's failure to provide even a modicum of support for the requested rates, much less address the findings in Anthony, frustrates Ms. Pember's objectives.  This is especially true since the petitioner bears the burden of establishing that the requested hourly rate is reasonable.  Sabella v. Sec'y of Dep't of Health & Human Servs., 86 Fed. Cl. 201, 205 (2009) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates") (citations omitted).  Accordingly, the rates adopted in Anthony for Mr. Gage are incorporated here.[2]

---

[2] Anthony did not determine 2017 rates and thus the 2017 rates must be adjusted to reflect inflation.  In Anthony, the undersigned used a measure of inflation that was targeted towards Mr. Gage's geographic location but not towards his industry (law).  2017 WL 521746, at *6-7.  For the purposes here, 2017 attorney rates are instead calculated by increasing the hourly rate using the Producer Price Index for the Offices of Lawyers ("PPI-OL").  This index is provided by the Department of Labor, Bureau of Labor Statistics and has been widely adopted by the Office of Special Masters for the purposes of tracking year-over-year changes to attorneys' fees metrics.  Because the metric is targeted towards the industry, it appears to be a useful way of tracking year-over-year changes to the average attorney's rates.  For an example of a 2018 adjustment

3

The <u>Anthony</u> decision also addressed rates for paralegals in Wyoming.  2017 WL 521746, at *17-20. Because Ms. Pember provided no information about the rates for Ms. McNair and Ms. Vance, those rates are adopted here as well.[3]

While the <u>Anthony</u> decision addressed Mr. Dustin Lujan's rate, it was in the context of his role as a law clerk in the firm.  2017 WL 521746, at *20-22.  Mr. Lujan appears to have passed the bar since that time and is now a practicing attorney.  Mr. Lujan's rate will be set at the bottom end of the <u>McCulloch</u> range for attorneys with less than four years of experience.  <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, at *18 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  This rate is also subject to a 35% locality reduction that was found appropriate in <u>Anthony</u>.  <u>See</u> 2017 WL 521746, at *14 (computing the 35% locality reduction).

The lack of any evidence that Ms. Pember provided to support the fees requested here is even more problematic when considering the appropriate rate for attorneys Mr. James Mitchell and Ms. Kristen Reiman since their fees were not discussed in <u>Anthony</u>.  The basis for their requested rates is entirely unclear, though decisions by other special masters can provide insight into the appropriate rate.

For Mr. James Mitchell, other special masters have found $250/hour for 2015 and $259/hour for 2016 to be reasonable.  <u>See</u>, <u>e.g.</u>, <u>Mack v. Sec'y of Health & Human Servs.</u>, No. 15-0149V, 2017 WL 5108680, at *4 (Fed. Cl. Spec. Mstr. Sept. 28, 2017).  The undersigned accepts these rates for Mr. Mitchell.

For Ms. Kristen Reiman, the undersigned could only find one case where she was compensated for work in the Vaccine Program.  <u>Hough v. Sec'y of Health & Human Servs.</u>, No. 15-1008V, 2018 WL 1310860, at *2 (Fed. Cl. Spec. Mstr. Feb. 13, 2018).  However, the <u>Hough</u> decision also struggled with finding any support for Ms. Reiman's hourly fee.  <u>Id.</u> ("Petitioner has not provided any

---

using the PPI-OL, <u>see</u> <u>Hanson v. Sec'y of Health & Human Servs.</u>, No. 16-0977V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018).

[3] As with attorney rates, paralegal rates for 2017 are adjusted using the PPI-OL.

statement or supporting documentation about this individual's qualifications. She is not listed on the Gage firm's website. Cursory internet research could not determine where she is located or whether she is even engaged in the practice of law."). Accordingly, her rate is calculated in the same manner as Mr. Lujan.

Ms. Pember's failure to provide any basis for the requested rates is not acceptable. Mr. Gage's firm has been on notice of the unacceptable nature of his submissions. Just a week before Ms. Pember moved for an award of Mr. Gage's fees, Special Master Gowen warned Mr. Gage that he faced the risk of having fees requests denied in toto if he did not provide support for the requested rates. Hough, 2018 WL 1310860, at *2 ("Counsel is warned that in future instances, I may deny attorneys' fees that are not adequately documented and supported."). It appears this warning was not sufficient.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d

1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Inconsistent with the Guidelines and <u>Avgoustis</u>, the petitioner's attorneys' billing records are often extremely vague.  Nearly half of Mr. Gage's entries are for "conference with paralegal," or something similar.  These entries make it difficult to evaluate whether the billing entry is reasonable.

Mr. Gage's firm is aware of this deficit regarding its billing entries.  This same concern was stated in <u>Anthony</u> and there the undersigned made a 10% deduction.   2017 WL 521746, at *24.  Chief Special Master Dorsey noted this problem later in 2017, and deducted 20% for the same reason.  <u>Mack</u>, 2017 WL 5108680, at *5.

However, based on a review of the billing entries, it appears that in later entries Mr. Gage and his employees are accounting for their time more descriptively.  In recognition of this improved performance and after giving Mr. Gage and his employees the benefit of the doubt, the undersigned reduces the number of hours by only 10%.  <u>See</u> <u>Abbott v. Sec'y of Health & Human Servs.</u>, 135 Fed. Cl. 107 (2017) (holding that the special master acted within his discretion in reducing an award based on vague billing entries); <u>see also</u> <u>Almanza v. United States</u>, No. 13-130, 2018 WL 1704521, at *7 (Fed. Cl. Apr. 9, 2018) (reducing specific time entries with block billing by 50 percent because the Court could not assess the reasonableness of the activity).

Beyond the general concern about a lack of specificity in the billing records, the entries from Mr. Lujan are particularly concerning.  They are reproduced below:

Pember - Dustin Lujan - Attorney

| DATE | DESCRIPTION | TIME | DL | RATE | TOTAL |
|---|---|---|---|---|---|
| 12-Jun-15 | Outline | 3 | DL | $140.00 | $140.00 |
| 10/31/2015 | Conference with paralegal | 0.1 | DL | $140.00 | $700.00 |
| | | | | TOTAL | $840.00 |

Pet'r's Mot., filed Feb. 20, 2018, at pdf18.

The total amount billed for each of these two entries simply escapes explanation.  However, that is not the most concerning aspect of these entries. The 3 hour entry for "Dustin Lujan – Attorney" that was entered on June 12, 2015, occurred more than three months before he was admitted to the Wyoming Bar.  See Wyoming State Bar Lawyer Directory, available at https://www.wyomingbar.org/for-the-public/hire-a-lawyer/membership-directory/ (last visited June 15, 2018).  Because of the deficits in the entries for Mr. Lujan, the undersigned will not award these claimed expenses at all.

In summary, in calculating the lodestar, the number of hours billed is reduced by 10% to account for the vague billing entries.  The lodestar valuation is $8,151.39.

C.      Adjustments to Lodestar

After the lodestar value is determined, a special master may adjust the lodestar either upward or downward.  Avera, 515 F.3d at 1348.  "Adjusting the lodestar has been condoned for situations in which the prevailing party's attorney's performance or conduct somehow is not factored into the lodestar calculation." Lumen View Technology LLC v. Findthebest.com, Inc., 811 F.3d 479, 484 (Fed. Cir. 2016).

Here, the undersigned exercises discretion to find that a downward departure in attorneys' fees and costs is warranted.  The specific reason is poor work in submitting the request for attorneys' fees.  See Valdes v. Sec'y of Health & Human Servs., No. 99-310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30,

7

2009) (noting that penalties may be necessary to motivate an attorney to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009).  Mr. Gage has not attempted to justify the proposed hourly rate despite warnings from at least three special masters on this topic, including a warning in a decision issued just one week before the present motion.  Furthermore, Mr. Gage appears to have exercised little, if any, billing judgment about the legitimacy of the charges because a thorough review would have revealed errors in Mr. Lujan's entries.  For these reasons, the undersigned reduces the attorneys' fees award by an additional 5 percent.  Thus, the amount awarded in attorneys' fees is $7,743.82.

     D.     <u>Costs</u>

Petitioner also moves for reimbursement of $6,596.39 in costs.  This includes routine costs of $172.95 for copies, $73.44 for shipping, and a $400 filing fee.  These costs are reasonable and reimbursed in full.

The balance of costs is accounted for by $5,950.00 for expert services provided by Dr. Marcel Kinsbourne.  Like attorneys' fees, a request for reimbursement of costs must be reasonable.  <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours.  <u>Caves v. Sec'y of Health & Human Servs.</u>, 111 Fed. Cl. 774, 779 (2013).  The undersigned finds both the requested rate and the number of hours to be reasonable.  This cost is thus reimbursed in full.

*     *     *

Accordingly, petitioner is awarded:

**A lump sum of $14,340.21 in the form of a check made payable to petitioner and petitioner's attorney, Richard Gage.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for

8

review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran
Christian J. Moran
Special Master
